NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2604
_____

JEFFREY VILINSKY,
                    *Appellant*

v.

PHELAN HALLINAN & DIAMOND, PC,


On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-15-cv-00650)

District Judge:  Honorable Jerome B. Simandle
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
Tuesday, March 1, 2016

Before:  SMITH, HARDIMAN and SLOVITER, *Circuit Judges.*


(Opinion filed: March 2, 2016)

_____

OPINION[*]
_____

SLOVITER, *Circuit Judge*.

Appellant Jeffrey Vilinsky brings a claim under § 805(a)(2) of the Fair Debt Collection Practices Act (FDCPA). 15 U.S.C. § 1692c(a)(2) (1977). Section 805(a)(2) prohibits debt collectors from "communicat[ing] with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney." *Id.* The District Court dismissed the claim pursuant to Federal Rule 12(b)(6). We will affirm.

I

Appellant Jeffrey Vilinsky owned real property in Fair Lawn, New Jersey. In 2007, he signed a loan agreement with Quicken Loans and executed a promissory note secured by a mortgage on the New Jersey property. After closing, Quicken sold the loan to CitiMortgage, who later sold its interest to PennyMac.

Due to unforeseen economic circumstances, Vilinsky defaulted on the loan. As a result, PennyMac, the mortgage holder at the time, hired appellee Phelan Hallinan & Diamond as counsel and filed a foreclosure action against Vilinsky. Vilinsky retained Denbeaux & Denbeaux as counsel. On March 10, 2014, the matter was tried before the

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Superior Court of New Jersey, Chancery Division, and a verdict was returned for PennyMac. The case was referred "back to the Office of Foreclosure to proceed on an uncontested basis." App. 40a.

Seven months later, PennyMac sold the loan to PMT NPL Financing. Phelan sent Vilinsky a letter notifying him of the assignment. The notice identified the amount of the loan,[1] the mortgaged property address and the mortgagors by name: Jeffrey and Pnina Vilinsky. It also provided a notice, which stated:

> TO HAVE AND TO HOLD the same unto the said Assignee, its successor and assigns, forever subject only to all the provisions contained in the said Mortgage. And the said Assignor hereby constitutes and appoints the Assignee as the Assignor's true and lawful attorney, irrevocable in law or in equity, in the Assignor's name, place and stead but at the Assignee's cost and expense to *have, use and take all lawful ways and means for the recovery of all the said money and interest*; and in case of payment, to discharge the same as fully as the Assignor might or could do if these presents were not made.

App. 34a (second emphasis added).

A similar notice was also sent to Vilinsky's legal counsel.

On January 29, 2015, Vilinsky filed suit in the United States District Court for the District of New Jersey claiming that Phelan violated the FDCPA by communicating with him while he was represented by legal counsel in violation of 15 U.S.C. 1692c(a). Phelan filed a motion to dismiss, which the District Court granted. Vilinsky now appeals.

## II

The District Court had jurisdiction over this matter pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291 because Vilinsky appeals from a final

---

[1] The notice only stated the original amount of the loan, not the unpaid balance.

decision of the District Court. We exercise plenary review. *Spruill v. Gillis*, 372 F.3d 218, 226 (3d Cir. 2004) (applying plenary review to district court's decision to grant motion to dismiss).

Section 805(a)(2) of the FDCPA provides, "a debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt." 15 U.S.C. § 1692c(a)(2). The term "communication" is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

The issue in this case is whether a communication needs to be in connection with the collection of a debt in order to obtain relief under § 805(a)(2). We believe that it does. While the term "communication" is defined broadly in § 803(2), its language is circumscribed by § 805(a)(2), which prohibits communications with a consumer in connection with the collection of any debt. This conclusion is in accordance with prior decisions in this circuit that have examined the scope of the FDCPA. *See, e.g., McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 245 (3d Cir. 2014) ("The statute's substantive provisions . . . make clear that it covers conduct taken in connection with the collection of any debt." (internal quotations omitted)).

The only remaining question is whether Phelan violated § 805(a)(2). To answer that question, we must ascertain the purpose of the letter. If Phelan's intent was to "induc[e] payment," the letter is a communication in connection with the collection of a debt and is actionable under § 805(a)(2). *Simon v. FIA Card Servs., N.A.*, 732 F.3d 259,

4

266 (3d Cir. 2013). "[A] communication need not contain an explicit demand for payment to constitute debt collection activity." *McLaughlin*, 756 F.3d at 245. "Indeed, communications that include discussions of the status of payment, offers of alternatives to default, and requests for financial information may be part of a dialogue to facilitate satisfaction of the debt and hence can constitute debt collection activity." *Id.* at 245-46.

The record demonstrates that Phelan's letter was neither an explicit demand for payment nor part of a dialogue to facilitate satisfaction of a debt. First, the state court had already entered a judgment foreclosing on the New Jersey property in question. Second, the content of the letter demonstrates that its sole purpose was simply to notify Vilinsky that PennyMac had assigned its mortgage interest to PMT:

> FOR VALUE RECEIVED, PENNYMAC CORP., the undersigned, as beneficiary or successor thereto, whose address is 6101 CONDOR DRIVE, SUITE 300, MOORPARK, CA 93021, hereby grants, conveys, assigns and transfers unto PMT NPL Financing 2014-1, whose address is c/o PennyMac Loan Services, LLC, 6101 CONDOR DRIVE, SUITE 200, MOORPARK, CA 93021, its successors and assigns, all beneficial interest under that certain Mortgage dated 03/24/2007.

App. 34a.

Vilinsky points out that the letter notified him that the assignee of the mortgage may "use and take all lawful ways and means for the recovery of all the said money and interest" and referenced the amount of the loan. App. 34a. We do not believe, however, that this can be classified as collection activity. Rather, Phelan was merely identifying the affected mortgage and notifying Vilinsky that the assignment gave PMT all legal rights that had previously been assigned to PennyMac.

For the reasons set forth above, we will affirm the order of the District Court.

5